JS 44 (Rev. 06/17) WB

# CIVIL COVER SHEET

18-CV-2069

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**

ANDREW R. PERRONG
1657 The Fairway, Jenkintown, PA 19046

(b) County of Residence of First Listed Plaintiff MONTGOMERY
*(EXCEPT IN U.S. PLAINTIFF CASES)*

(c) Attorneys *(Firm Name, Address, and Telephone Number)*

ANDREW R. PERRONG (PRO SE)
1657 The Fairway, Jenkintown, PA 19046

**DEFENDANTS**

AMERICAN RENOVATION CENTER INC.
9245 JELLICO AVE. NORTHRIDGE, CA 91325

County of Residence of First Listed Defendant LOS ANGELES
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)* Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**PRISONER PETITIONS**

Habeas Corpus:
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

Other:
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent - Abbreviated New Drug Application
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☒ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

**V. ORIGIN** *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from Another District *(specify)* ☐ 6 Multidistrict Litigation - Transfer ☐ 8 Multidistrict Litigation - Direct File

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Federal Telephone Consumer Protection Act, 47 U.S. Code § 227 et seq., and 47 C.F.R. § 64.1200 et seq.

Brief description of cause:
Defendants called Plaintiff on his private telephone in violation of the FTCPA and related claims.

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ 27,000.00

CHECK YES only if demanded in complaint: JURY DEMAND: ☒ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** *(See instructions)*: JUDGE ________ DOCKET NUMBER ________

DATE 05/16/2018 SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT # ______ AMOUNT ______ APPLYING IFP ______ JUDGE ______ MAG. JUDGE ______



**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

ANDREW PERRONG : CIVIL ACTION

v. :

AMERICAN RENOVATION CENTER INC ET AL : NO. 18 2069

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. (✓)

| 5/17/2018 | Andrew Perrong | PLAINTIFF PRO SE |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-791-6957 | 888-329-0305 | ANDYPERRONG@GMAIL.COM |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02



UNITED STATES DISTRICT COURT **18 2069**

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.**

Address of Plaintiff: 1657 The Fairway #131 Jenkintown, PA 19046

Address of Defendant: 9245 JELLICO AVE. NORTHRIDGE, CA 91325

Place of Accident, Incident or Transaction: By phone call to my private telephone.
(*Use Reverse Side For Additional Space*)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a)) Yes☐ No☑

Does this case involve multidistrict litigation possibilities? Yes☐ No☑

*RELATED CASE, IF ANY:*
Case Number: ____ Judge ____ Date Terminated: ____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court? Yes☐ No☑
2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court? Yes☐ No☑
3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court? Yes☐ No☑
4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual? Yes☐ No☑

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☑ All other Federal Question Cases
(Please specify) Federal Telephone Consumer Protection Act

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
(Please specify) ____

## ARBITRATION CERTIFICATION
(*Check Appropriate Category*)

I, Andrew Perrong, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☑ Relief other than monetary damages is sought.

DATE: 5/17/2018 [signature] Andrew Perrong PLAINTIFF PRO SE
Attorney-at-Law Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

**I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.**

DATE: 5/17/2018 [signature] Andrew Perrong PLAINTIFF PRO SE
Attorney-at-Law Attorney I.D.#

CIV. 609 (5/2012)

$400 WB

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **ANDREW R. PERRONG**<br>**1657 The Fairway #131 Jenkintown, PA 19046**<br><br>**Plaintiff,**<br>**vs.** | **Civil Action No. 18 2069** |
| **AMERICAN RENOVATION CENTER INC.**<br>**9245 JELLICO AVE.**<br>**NORTHRIDGE, CA 91325,**<br><br>**HAIM BLOKH,**<br>**Individually and as Principal of ARC,**<br>**9245 JELLICO AVE,**<br>**NORTHRIDGE, CA 91325,**<br><br>**JUDAS JAY HALE**<br>**Individually and as Principal of ARC**<br>**20220 SORRENTO LN APT 308,**<br>**PORTER RANCH, CA 91326,**<br><br>**SOUTHERN CALIFORNIA HOME IMPROVEMENT CENTER**<br>**14601 ARMINTA STREET**<br>**PANORAMA CITY CA 91402,**<br><br>**BENI ZOHAR AMIR**<br>**Individually and as Principal of SCHIC**<br>**15811 COLLINS AVE APT 506**<br>**NORTH MIAMI BEACH, FL 33160,**<br><br>**and**<br>**DOES 1 through 100, inclusive,**<br><br>**Defendants.** | **Jury Trial Demanded** |

Plaintiff ANDREW R. PERRONG brings this action for damages, restitution, reinstatement, statutory damages, punitive damages, sanctions, interest, court costs, and injunctive relief under rights pursuant to Federal Statute under 47 U.S.C. 227, and 47 C.F.R. 64

for the *ultra vires* illegal actions and deliberate and knowing tortious activity of AMERICAN RENOVATION CENTER INC. ("ARC"), HAIM BLOKH and JUDAS JAY HALE, Individually and as Principals of ARC ("BLOKH" and "HALE"), SOUTHERN CALIFORNIA HOME IMPROVEMENT CENTER ("SCHIC"), BENI ZOHAR AMIR, Individually and as Principal of SCHIC ("AMIR"), and Does 1 through 100, inclusive, in negligently and/or willfully contacting Plaintiff via Plaintiff's telephone to solicit sales ("Sales Calls"), by utilization of an automatic telephone dialing system and/or robocalls ("ATDS Calls"), caller ID spoofing, and call abandonment in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* and related claims that form part of the same claim or controversy. Plaintiff demands a trial by jury, and complains and alleges as follows:

## I. Introduction

1. Defendant AMERICAN RENOVATION CENTER INC ("ARC") is a company located and domestically incorporated in the State of California, also registered as a foreign Pennsylvania Corporation holding PA Contractor License 139449, that markets and sells, *inter alia,* home improvement and renovation services to individuals throughout Pennsylvania and other states in the US. Its principal mailing address and address for service of process is located at 9245 JELLICO AVE. NORTHRIDGE, CA 91325.

2. Defendant SOUTHERN CALIFORNIA HOME IMPROVEMENT CENTER ("SCHIC") is a company located and domestically incorporated in the State of California, which is in some way connected to ARC and is also associated with the calls that Plaintiff received. Moreover, SCHIC operates out of the same address as one occupied by ARC, 14601 ARMINTA ST, PANORAMA CITY, CA 91402.

3. Plaintiff brings this action to challenge the Companies' practices in the telephone

solicitation of their products and services. Specifically, Plaintiff challenges Companies' and Companies' agents' illegal telephone solicitations by which they markets their products and services, illegal Calls made using an automatic telephone dialing system and robocalls, illegal call abandonment, illegal caller ID spoofing, and failure to maintain a Do-Not-Call policy or list in connection therewith.

4. All of the claims asserted herein arise out of Companies' illegal telephone solicitation campaign and are a common fact pattern.

**Jurisdiction and Venue**

5. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), in that Defendants conduct business in, and a substantial part of the events giving rise to plaintiff's claims occurred in, Pennsylvania's Montgomery County, which lies within this judicial district, pursuant to 28 U.S.C. §118. Plaintiff received the phone calls to a 215-area code number, registered in this judicial district. Each of the Defendants has sufficient minimum contacts with this District, and otherwise purposely avail themselves of the markets in this District. In fact, Defendant ARC has a valid PA Contractor License #139449. Also, see *Lary V. The Doctors Answer, LLC* CV-12-S-3510-NE (N.D. Ala. March 8, 2013.), a Federal Telephone Consumer Protection Act case, which held that "venue is proper in the district where [plaintiff] resides because the injury did not occur when the facsimile was sent… ; it occurred when the [facsimile] was received."

**II. Parties**

7. Plaintiff ANDREW PERRONG ("Plaintiff") is an individual who received the

alleged phone calls on his private telephone line mentioned herein. Plaintiff is an adult individual and citizen of the Commonwealth of Pennsylvania who may be mailed at 1657 The Fairway #131 Jenkintown, PA 19046.

8. Defendant AMERICAN RENOVATION CENTER INC. ("ARC"), is a company located and domestically incorporated in the State of California, also registered as a foreign Pennsylvania Corporation holding PA Contractor License 139449, that markets and sells, *inter alia,* home improvement and renovation services to individuals throughout Pennsylvania and other states in the US. Its principal mailing address and address for service of process is located at 9245 JELLICO AVE. NORTHRIDGE, CA 91325.

9. Defendant HAIM BLOKH ("BLOKH") is an adult individual who is the Primary Owner of ARC. BLOKH is an adult individual, and citizen of the United States. As Principal of ARC, BLOKH is the primary individual who reaps the benefit of the tortious and illegal conduct described herein that is technically carried out only in Companies' name. Such tortious, or *ultra vires*, conduct exceeds the permissible actions of corporations both in California, Pennsylvania, and nationwide.

10. Defendant JUDAS JAY HALE ("HALE") is an adult individual who is the Managing Qualifying Individual/Principal of ARC. HALE is an adult individual, and citizen of the United States. As Managing Qualifying Individual of ARC, HALE is the primary individual associated with the license for ARC who reaps the benefit of the tortious and illegal conduct described herein that is technically carried out only in Companies' name. Such tortious, or *ultra vires*, conduct exceeds the permissible actions of corporations both in California, Pennsylvania, and nationwide.

11. Defendant SOUTHERN CALIFORNIA HOME IMPROVEMENT CENTER

("SCHIC") is a company located and domestically incorporated in the State of California, which is in some way connected to ARC and is also associated with the calls that Plaintiff received. Moreover, SCHIC operates out of the same address as one occupied by ARC, 14601 ARMINTA ST, PANORAMA CITY, CA 91402.

12. Defendant BENI ZOHAR AMIR ("AMIR") is an adult individual who is the Primary Owner of SCHIC. AMIR is an adult individual, and citizen of the United States. As Principal of SCHIC, AMIR is the primary individual who reaps the benefit of the tortious and illegal conduct described herein that is technically carried out only in Companies' name. Such tortious, or *ultra vires*, conduct exceeds the permissible actions of corporations both in California, Pennsylvania, and nationwide.

13. Except as described herein, Plaintiff is ignorant of the true names of Defendants sued as Does 1 through 100, inclusive, and the nature of their wrongful conduct, and therefore sues these Defendants by such fictitious names. Plaintiff will seek leave of the Court to amend this complaint to allege their true names and capacities when ascertained.

14. At all times herein mentioned, ARC, BLOKH, HALE, SCHIC, AMIR, and the Doe Defendants, (collectively, "Defendants"), and each of them, were an agent or joint venture of each of the other, and in doing the acts alleged herein, were acting within the scope of such agency. Each Defendant had actual and/or constructive knowledge of the acts of each of the other Defendants, and ratified, approved, joined in, acquiesced and/or authorized the wrongful acts of each co-Defendant, and/or retained the benefits of said wrongful acts.

15. Defendants, and each of them, aided and abetted, encouraged and rendered substantial assistance to the other Defendants in committing the wrongful acts alleged herein. In taking action, as particularized herein, to aid and abet and substantially assist the commission of these

wrongful acts and other wrongdoing complained of each of the Defendants acted with an awareness of its primary wrongdoing and realized that its conduct would substantially assist the accomplishment of the wrongful conduct, wrongful goals, and wrongdoing.

16. At all times herein mentioned, Defendants conspired by means of mutual understanding, either expressly or impliedly, among themselves and others in engaging and/or planning to engage in the activities detailed herein to accomplish the wrongful conduct, wrongful goals, and wrongdoing.

17. The TCPA imposes personal liability on individuals who participate in or commission telemarketing calls.

18. Under the TCPA, an individual such as BLOKH, HALE, or AMIR may be personally liable for the acts alleged in this Complaint pursuant to 47 U.S.C. § 217, the Communications Act of 1934, as amended, of which the TCPA is a part, which reads, *inter alia*: "[T]he act, omission, or failure of any agent, or other person acting for or employed by any common carrier or user, acting within the scope of his employment, shall in every case be deemed to be the act, omission, or failure of such carrier or user *as well as of that person*." 47 U.S.C. § 217 (emphasis added).

19. When considering individual officer liability, other Courts have agreed that a Corporate officer involved in the telemarketing at issue may be personally liable under the TCPA. *See*, e.g., *Jackson v. Five Star Catering, Inc., v. Beason*, 2013 U.S. Dist. LEXIS 159985, *10 (E.D. Mich. Nov. 8, 2013), which stated that "[M]any courts have held that corporate actors can be individually liable for violating the TCPA where they 'had direct, personal participation in or personally authorized the conduct found to have violated the statute.'" *See also Maryland v.*

*Universal Elections*, 787 F. Supp. 2d 408, 415-16 (D. Md. 2011), stating that "If an individual acting on behalf of a corporation could avoid individual liability, the TCPA would lose much of its force."

20. Defendants BLOKH, HALE, and AMIR are personally liable under the "participation theory" of liability because are the Principal owners and controlling officers of ARC and SCHIC, knew of Companies' violations, and directed employees and/or agents of Companies to continue making those violations. Furthermore, BLOKH, HALE, and AMIR are personally liable because they are personally responsible for ensuring Companies' employees' TCPA compliance.

## III. Factual Allegations

21. In or about May 16th , 2018, Plaintiff received the first of multiple calls made using an automatic telephone dialing system ("ATDS") or robocall by Defendants and/or their agents at Plaintiff's personal telephone number, 215-947-1920, for which he is charged for the call under a package calling arrangement. Plaintiff had not consented to this solicitation, and Plaintiff's telephone number was on the Federal Do-Not-Call Registry.

22. This first call, received at 1:56 PM, bore the "spoofed" Caller ID 610-234-8801, and was answered by Plaintiff. Immediately, an artificial or prerecorded voice began playing a recorded message advertising a "special program" for homes with "damaged roofs or old windows," all the while claiming it was not a sales call, and directed Plaintiff to press 1 to speak to someone.

23. This call was sent using "spoofed" caller ID information that, when called back, results in the call not going anywhere. Defendants transmitted false caller ID information in this first call in order to conceal Company's identity and illegal actions.

24. Plaintiff pressed "1" to discover the identity of the caller and for no other reason. Plaintiff was transferred to an agent named "Rebecca" with the "Home Improvement Center".

25. Because the agent would not give the actual name of the company or the identity of the persons behind the calls and only gave the generic name "Home Improvement Center", Plaintiff scheduled an appointment for an estimate at his domicile address for 3:00 PM that same day. During the telephone call, the agent said that he would meet with someone named "Sean."

26. "Sean" arrived at Plaintiff's address in a grey Nissan sedan with Texas plates at approximately 3:25 PM. Plaintiff received "Sean's" business card, a true and correct copy of which is reproduced below, which indicates he works for Defendant American Renovation Center. During that interaction, "Sean" showed Plaintiff a copy of the lead he received on his cell phone, which was marked as coming from "SCHIC System" – an acronym for Defendant Southern California Home Improvement Center. Plaintiff explained that he was not actually interested in Defendants' services. "Sean" was professional, courteous, apologized, and left Plaintiff's premises at approximately 3:27 PM.




LICENSE # PA 139449

Main Office:
4387 W. Swamp Rd #573
Doylestown, PA 18902
Tel: 888-577-6527
Fax: 888-888-8716
info@americanrenovationcenter.net




www.AmericanRenovationCenter.net

Sean – 310-818-6255

PROJECT MANAGER CELL PHONE

27. Despite Plaintiff's interactions with "Sean," Plaintiff received another call at 3:29:17 PM from 559-684-1221, a number for Southern California Home Improvement Center. This call rang only twice, and then hung up. Such behavior is characteristic of an automatic dialer, and is

termed illegal call abandonment. Often, such automatic dialers, either because they misidentify the caller as no voice on the line, or because there are not enough agents available to answer the call, will "abandon" the call, in addition to the reasons previously mentioned.

28. Plaintiff then received a call at 3:29:44 PM, from the Caller ID 888-577-6527, with the Caller ID name "SOCALHOMEIMP" – again, Defendant SCHIC. During that Call, Plaintiff answered "Hello" and waited a few seconds, hearing a machine noise and clicking, before he was connected to the caller. The caller claimed to be from the "Home Improvement Center" and asked to speak regarding the appointment that just had transpired. Plaintiff declined and hung up.

29. In direct defiance of Plaintiff's wishes, Plaintiff received yet another call from the same Caller and Caller ID at approximately 3:30:44 PM. Like the previous call, Plaintiff answered "Hello" and waited a few seconds, hearing a machine noise and clicking, before he was connected to the caller. Plaintiff reiterated that he did not wish to be contacted and hung up.

30. Upon information and belief, upon completion of an at-home visit, regardless of the outcome or request not to be contacted in such visit, Defendants place "follow-up" calls to the people they interact with using an ATDS.

31. Plaintiff subsequently called the number back to ask to be placed on Defendant's Do-Not-Call list and receive a copy of Defendant's Do-Not-Call policy, and was advised that no such lists or policies exist. The person to whom Plaintiff spoke also stated that he did not know whom he could even ask to inquire about such lists or policies.

32. As more fully outlined above, Defendants refused to place Plaintiff on their Do-Not-Call list or provide Plaintiff a copy of their Do-Not-Call policy. Based on Defendant's own admissions, they evidently do not have such lists or policies.

33. Plaintiff received the calls on his private telephone, for which he is charged for the calls, as defined and set forth in 47 CFR § 64.1200(a)(1)(iii).

34. The fact that the first call played an "artificial or prerecorded voice" to transmit a message is *bona fide* evidence that the first call was a "robocall" made with an "artificial or prerecorded voice" as that term is defined in 47 U.S.C. § 227(b)(1)(A).

35. These facts of call abandonment, delayed responses, machine noise, clicking, the geographic distance between the Plaintiff and the Defendants, as well as the fact that this call was part of a broad-ranging telemarketing campaign, in the latter three calls, demonstrate that these calls were made using an automatic telephone dialing system ("ATDS" or "autodialer") as that term is defined in 47 U.S.C. § 227(a)(1).

36. The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice… to any telephone number assigned to… any service for which the called party is charged for the call." *See* 47 U.S.C. § 227(b)(1)(A)(iii). As stated immediately above, the calls were placed using an automatic telephone dialing system to Plaintiff's private telephone line, on which he is charged for the call under a package arrangement.

37. The TCPA provides a private cause of action to persons who receive calls in violation of 47 U.S.C. § 227(b)(1)(A). *See* 47 U.S.C. § 227(b)(3).

38. The action of terminating a call made by automatic "robodialers," or calls placed using an automatic telephone dialing system, before the called party answers the call, is termed as "call abandonment" and is highly illegal. 47 CFR 64.1200(a)(6) states that it is illegal to "Disconnect an unanswered telemarketing call prior to at least 15 seconds or four (4) rings."

45. Plaintiff had no prior business relationship with any one, more, or all of Defendants.

46. The telephone Sales Calls therefore violated 47 U.S.C. § 227(b)(1)(A), 47 U.S.C. § 227(c)(3)(F), 47 U.S.C. § 227(e), 47 CFR 64.1200(a)(6), 47 CFR 64.1200(d)(1), 47 CFR 64.1200(d)(3), 47 CFR § 64.1200(a)(1)(iii), 47 CFR § 64.1200(a)(1), and 47 C.F.R. 64.1200(c)(2).

## IV. Causes Of Action

### First Cause of Action

(Negligent Violation of the TCPA "ATDS" Prohibition, 47 U.S.C. § 227 et seq.)

47. Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

48. As a result of Defendants' and Defendants' agents negligent violations of 47 U.S.C. § 227(b)(1)(A), Plaintiff seeks for himself $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

49. Pursuant to 47 U.S.C. § 227(b)(3)(A), Plaintiff seeks injunctive relief prohibiting such conduct in the future.

### Second Cause of Action

(Knowing and/or Willful Violation of the TCPA "ATDS" Prohibition, 47 U.S.C. § 227 et seq.)

50. Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

51. As a result of Defendants' and Defendants' agents knowing and/or willful violations of 47 U.S.C. § 227(b)(1)(A), Plaintiff seeks for himself treble damages, as provided by statute, up to $1,500.00 for each and every violation, pursuant to 47 U.S.C. § 227(b)(3).

52. Pursuant to 47 U.S.C. § 227(b)(3)(A), Plaintiff seeks injunctive relief prohibiting such conduct in the future.

**Third Cause of Action**

(Negligent Violation of the TCPA "Sales Call/DNC" Prohibition, 47 U.S.C. § 227 et seq.)

53. Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

54. As a result of Defendants' and Defendants' agents negligent violations of 47 U.S.C. § 227(c)(3)(F), and 47 C.F.R. 64.1200(c)(2), Plaintiff seeks for himself $500 in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(c)(3)(F).

55. Pursuant to 47 U.S.C. § 227(c)(5)(A), Plaintiff seeks injunctive relief prohibiting such conduct in the future.

**Fourth Cause of Action**

(Knowing and/or Willful Violation of the TCPA
"Sales Call/DNC" Prohibition, 47 U.S.C. § 227 et seq.)

56. Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

57. As a result of Defendants' and Defendants' agents knowing and/or willful violations of 47 U.S.C. § 227(c)(3)(F), and 47 C.F.R. 64.1200(c)(2), Plaintiff seeks for himself treble damages, as provided by statute, up to $1,500.00 for each and every violation, pursuant to 47 U.S.C. § 227(c)(5).

58. Pursuant to 47 U.S.C. § 227(c)(5)(A), Plaintiff seeks injunctive relief prohibiting such conduct in the future.

**Fifth Cause of Action**

(Negligent Violation of the TCPA "Caller ID Spoofing" Prohibition, 47 U.S.C. § 227 et seq.)

1. Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

2. As a result of Defendants' and Defendants' agents negligent violations of 47 U.S.C. § 227(e), Plaintiff seeks for himself $500 in statutory damages for each and every violation, pursuant to the implied private right of action.

**Sixth Cause of Action**

(Knowing and/or Willful Violation of the TCPA "Caller ID Spoofing" Prohibition, 47 U.S.C. § 227 et seq.)

3. Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

4. As a result of Defendants' and Defendants' agents knowing and/or willful violations of 47 U.S.C. § 227(e), Plaintiff seeks for himself treble damages, as implied, up to $1,500.00 for each and every violation, pursuant to the implied private right of action.

**Seventh Cause of Action**

(Negligent Violation of the TCPA "Call Abandonment" Prohibition, 47 CFR 64.1200(a)(6))

5. Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

6. As a result of Defendants' and Defendants' agents negligent violations of 47 CFR

64.1200(a)(6) Plaintiff seeks for himself $500 in statutory damages for each and every violation, pursuant to the implied private right of action.

**Eighth Cause of Action**

(Knowing and/or Willful Violation of the TCPA
"Call Abandonment" Prohibition, 47 CFR 64.1200(a)(6))

7. Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

8. As a result of Defendants' and Defendants' agents knowing and/or willful violations of 47 CFR 64.1200(a)(6), Plaintiff seeks for himself treble damages, as implied, up to $1,500.00 for each and every violation, pursuant to the implied private right of action.

**Ninth Cause of Action**

(Negligent Violation of the TCPA "Do-Not-Call Policy" Requirement, 47 CFR 64.1200 et seq.)

9. Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

10. As a result of Defendants' and Defendants' agents negligent violations of 47 CFR 64.1200(d)(1), Plaintiff seeks for himself $500 in statutory damages for each and every violation, pursuant to the implied private right of action.

**Tenth Cause of Action**

(Knowing and/or Willful Violation of the TCPA
"Do-Not-Call Policy" Requirement, 47 CFR 64.1200 et seq.)

11. Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

12. As a result of Defendants' and Defendants' agents knowing and/or willful violations

of 47 CFR 64.1200(d)(1) Plaintiff seeks for himself treble damages, as implied, up to $1,500.00 for each and every violation, pursuant to the implied private right of action.

**Eleventh Cause of Action**

(Negligent Violation of the TCPA "Do-Not-Call List" Requirement, 47 CFR 64.1200 et seq.)

13. Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

14. As a result of Defendants' and Defendants' agents negligent violations of 47 CFR 64.1200(d)(3), Plaintiff seeks for himself $500 in statutory damages for each and every violation, pursuant to the implied private right of action.

**Twelfth Cause of Action**

(Knowing and/or Willful Violation of the TCPA "Do-Not-Call List" Requirement, 47 CFR 64.1200 et seq.)

15. Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

16. As a result of Defendants' and Defendants' agents knowing and/or willful violations of 47 CFR 64.1200(d)(3) Plaintiff seeks for himself treble damages, as implied, up to $1,500.00 for each and every violation, pursuant to the implied private right of action.

**WHEREFORE, Plaintiff prays for relief against defendants, and each of them, as follows:**

## V. Prayer for Relief

On Causes of Action 1-10:

1. For awards of $500 for each negligent violation as set forth in actions 1-12;

2. For awards of $1,500 for each knowing/willful violation as set forth in actions 1-12.

3. Injunctive relief against Defendants, and each of them, to prevent future wrongdoing; Total statutory damages: : **$27,000** (Four counts each of: sales call, ATDS call, failure to put Plaintiff's number on Defendants' Do-Not-Call list, and failure to provide Plaintiff a copy of Defendants' Do-Not-Call policy, at $500 per count of each, with treble damages for each, plus 1 count each of call abandonment and caller ID spoofing at $500, with treble damages.)

4. Punitive damages to punish Defendants for their willful, illegal, and deliberate tortious conduct and to deter others who may otherwise engage in similar willful illegal and deliberate tortious conduct;

5. Prejudgment interest at the maximum legal rate;

6. Costs of suit herein incurred; and

7. All such other and further relief as the Court deems proper.

## VI. Demand for Jury Trial

Plaintiff hereby demands a trial by jury on all claims so triable.

Dated: **May 17, 2018**

/s/

Andrew Perrong
*Plaintiff Pro-Se*
1657 The Fairway #131
Jenkintown, PA 19046
Phone: 215-791-6957
Facsimile: 888-329-0305
andyperrong@gmail.com